UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS DANIEL GOOSBY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANITA TRAMMELL, Warden, )<br>)<br>Respondent. ) | Case No. CIV-15-157-M |

## REPORT AND RECOMMENDATION

Petitioner Nicholas Daniel Goosby, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the undersigned has examined the Petition and recommends dismissal.

BACKGROUND

In this action, Petitioner challenges his conviction upon guilty plea on November 20, 1995, in the District Court of Oklahoma County, Oklahoma, on charges of first-degree murder and robbery with a firearm. Pet. (Doc. No. 1) at 1-2; Pet'r's Br. (Doc. No. 2) at 69;[1] *see State v. Goosby*, No. CF-1993-6491 (Okla. Cnty. Dist. Ct. filed Oct. 22,

---

[1] Citations to filings in this Court use the page numbers assigned by the Court's electronic filing system.

1993).[2] Petitioner was sentenced to a term of imprisonment of life without parole for the murder conviction, and to a consecutive 15-year term of imprisonment for the armed robbery conviction. Pet. at 1; Pet'r's Br. at 61; *State v. Goosby*, No. CF-1993-6491 (docket entries of Nov. 20, 1995).

Petitioner did not initially appeal the conviction or seek other relief in the state courts. Pet. at 2; Pet'r's Br. at 3. Petitioner instead filed a 28 U.S.C. § 2254 habeas petition in October 2012, nearly seventeen years after his judgment and sentence were entered. Pet. at 3; Pet'r's Br. at 2; *see Goosby v. Trammell*, No. CIV-12-1202-M (W.D. Okla. filed Oct. 26, 2012). This Court dismissed that action as time-barred. *See Goosby v. Trammell*, No. CIV-12-1202-M, 2013 WL 752628 (W.D. Okla. Feb. 5, 2013) (R. & R.), *adopted*, 2013 WL 752626 (W.D. Okla. Feb. 27, 2013). On appeal by Petitioner, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal, finding that Petitioner was not entitled to either statutory or equitable tolling and that Petitioner's actual-innocence contentions failed to satisfy the requirements to invoke the miscarriage of justice exception to the applicable statute of limitations. *See Goosby v. Trammell*, 515 F. App'x 776, 777 (10th Cir. 2013); 28 U.S.C. §§ 2244(d), 2253(c); *McQuiggan v. Perkins*, 133 S. Ct. 1924, 1933 (2013). The U.S. Supreme Court denied Petitioner's petition for writ of certiorari. *See Goosby v. Trammell*, 134 S. Ct. 1316 (2014).

Petitioner then returned to the state courts, filing an application for postconviction relief in the trial court in June 2013, a petition for writ of habeas corpus in the Oklahoma

---

[2] Docket publicly available at http://www.oscn.net.

Court of Criminal Appeals in June 2014, and a second application for postconviction relief in the trial court in August 2014. Relief was denied on all three matters. Pet. at 4; Pet'r's Br. at 3-6, 61-67, 74-77; *State v. Goosby*, No. CF-1993-6491 (docket entries of June 21, 2013; Aug. 19, 2013; July 10, 2014; Aug. 5, 2014; Oct. 31, 2014); *Goosby v. State*, No. HC-2014-492 (Okla. Crim. App. filed June 5, 2014).[3]

Petitioner filed the instant § 2254 Petition on February 10, 2015. Petitioner asserts eight grounds for relief: (1) the trial court lacked subject-matter jurisdiction; (2) there was insufficient evidence in the record against him; (3) Petitioner was certified as an adult without probable cause; (4) Petitioner's guilty pleas were unknowing and involuntary; (5) Petitioner's plea agreement is null and void; (6) the sentencing judge exceeded her jurisdiction and abused her discretion; (7) prejudicial plain error; and (8) ineffective assistance of counsel. *See* Pet. at 5-10; Pet'r's Br. at 6-54.

ANALYSIS

A. *Screening Requirement and Jurisdiction*

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 R. 4. Likewise, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006).

---

[3] Docket publicly available at http://www.oscn.net.

B. *Second or Successive Petition Under 28 U.S.C. § 2254*

Section 2244(b) of Title 28 of the United States Code limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see* 28 U.S.C. § 2244(b), 2253(c).

C. *The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

4

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

*D. Discussion*

The dismissal of a 28 U.S.C. § 2254 petition for failure to comply with the AEDPA one-year statute of limitations is "a decision on the merits, and any later habeas petition challenging the same conviction is second or successive" under 28 U.S.C. § 2244(b). *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Because Petitioner's first habeas petition was dismissed as time-barred under AEDPA, the current Petition is "second or successive" for purposes of § 2244(b). *See id.*; *Goosby v. Trammell*, 2013 WL 752626, at *1. In the instant matter, there is no indication that Petitioner has received an order from the Tenth Circuit Court of Appeals authorizing this Court to

consider this, his second Petition challenging the same conviction and sentence. Indeed, in a section of his Petition titled "SECOND OR SUCCESSIVE APPLICATIONS," Petitioner was advised of the requirements of 28 U.S.C. § 2244(b) and specifically checked "No" as to whether he had obtained an order from the Tenth Circuit authorizing this Court's consideration of any previously unraised claims. *See* Pet. at 12; *cf.* Pet'r's Br. at 55.

To the extent Petitioner's present habeas claims were raised in his prior § 2254 petition, these claims must be dismissed. 28 U.S.C. § 2244(b)(1); *see Goosby v. Trammell*, 2013 WL 752628, at *1 (outlining the five habeas claims raised by Petitioner in Case No. CIV-12-1202-M); *see, e.g.*, *Allen v. Massie*, 236 F.3d 1243, 1244-45 (10th Cir. 2001); *Hall v. Falk*, 535 F. App'x 762, 763 (10th Cir. 2013). Further, to the extent Petitioner raises new claims that "challeng[e] the same conviction" as did Petitioner's prior habeas petition, this Court lacks jurisdiction to consider the claims. *In re Rains*, 659 F.3d at 1275; *In re Cline*, 531 F.3d at 1251; *Hall*, 535 F. App'x at 763.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 at 1252. "When there is no risk that a meritorious successive § 2254 claim will be lost" absent a transfer, the district court properly may exercise its discretion to dismiss the petition. *Id.*; *see also* 28 U.S.C. § 2244(b)(1) (prescribing that a previously presented claim presented in a second or successive § 2254 application "shall be dismissed").

In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b)(2) to obtain authorization to proceed with a successive habeas petition. By statute, an application to proceed with a second or successive habeas petition

> shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

None of Petitioner's habeas claims, listed above, relies upon a new rule of constitutional law or newly discovered evidence. *See* Pet. at 5-10; Pet'r's Br. at 6-54. Nor has he presented underlying facts sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses. *See* Pet. at 5-10; Pet'r's Br. at 1-87.

Moreover, as this Court and the Tenth Circuit Court of Appeals previously concluded, the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1), adopted as part of AEDPA and governing the filing of a habeas petition by Petitioner, expired long ago. *See Goosby v. Trammell*, 515 F. App'x at 777; *Goosby v. Trammell*, 2013 WL 752626, at *1. Hence, Petitioner's claims challenging his convictions and sentences in Case No. CF-1993-6491 are time-barred, by operation of § 2244(d)(1). The Tenth Circuit already has determined that Petitioner is not entitled to statutory or equitable

7

tolling of his habeas claims. *See Goosby v. Trammell*, 515 F. App'x at 777. Petitioner's recent state-court filings, submitted in 2013 and 2014 to challenge his 1995 conviction, do not affect the Tenth Circuit's 2013 denial of statutory tolling: "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *see* 28 U.S.C. § 2244(d)(2); Pet. at 4; Pet'r's Br. at 3-6, 61-67, 74-77. Petitioner sets forth no extraordinary circumstances distinguishing this habeas effort from that recently rejected by the Tenth Circuit or newly warranting the application of equitable tolling principles to extend the 28 U.S.C. § 2244(d) limitations period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that federal habeas petition is subject to equitable tolling only in "rare and exceptional circumstances" (internal quotation marks omitted)). Nor has Petitioner shown any basis for disagreement with the Tenth Circuit's conclusion that he has failed to make the necessary showing for invocation of the miscarriage of justice exception to the AEDPA statute of limitations. *See Goosby v. Trammell*, 515 F. App'x at 777; *McQuiggan*, 133 S. Ct. at 1933.

Petitioner argues that his Petition should not be dismissed as untimely because among his allegations is the claim that the trial court lacked subject-matter jurisdiction over his case, rendering its judgment void. Pet'r's Br. at 56-58. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). However, the Tenth Circuit has held in unpublished opinions that similar due process claims were subject to dismissal for untimeliness on habeas review. *See, e.g.*,

8

*Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011); *United States v. Patrick*, 264 F. App'x 693, 694-95 (10th Cir. 2008). And in *Hall*, the Tenth Circuit denied a certificate of appealability when, as recommended here, the district court had dismissed as unauthorized and second-or-successive a habeas petition alleging the state trial court lacked subject-matter jurisdiction over the underlying criminal conviction. *See Hall*, 535 F. App'x at 763.

Because all claims of the Petition either (i) were "presented in a prior application," *see* 28 U.S.C. § 2244(b)(1); or (ii) do not meet the criteria for the Court's consideration under 28 U.S.C. § 2244(b)(2); and (iii) would be subject to dismissal as untimely under 28 U.S.C. § 2244(d), "there is no risk that a meritorious successive claim will be lost" absent a transfer. *In re Cline*, 531 F.3d at 1252; *Goosby v. Trammell*, 515 F. App'x at 777. The Petition should be dismissed for lack of jurisdiction rather than transferred to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252; *cf. Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that district court may sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself").

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Petition for a Writ of Habeas Corpus (Doc. No. 1) be dismissed in its entirety.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by August 7, 2015, in accordance with 28

U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* Section 2254 R. 4.

ENTERED this 17th day of July, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE